UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11591-RGS

ZOND, INC.

v.

SK HYNIX INC., SK HYNIX AMERICA INC., and
SK HYNIX MEMORY SOLUTIONS INC.

and

CIVIL ACTION NO. 13-11570-RGS

ZOND, INC.

v.

INTEL CORPORATION

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINTS

January 31, 2014

STEARNS, D.J.

Zond, Inc. (Zond), a Mansfield, Massachusetts headquartered technology development company with "a formidable patent portfolio" brought lawsuits against SK Hynix Inc., and its subsidiaries SK Hynix America Inc. and SK Hynix Memory Solutions Inc. (collectively, Hynix), and Intel Corporation (Intel), alleging direct infringement, contributory infringement, induced

infringement, and willful infringement of eight asserted patents.[1]  Hynix and

Intel separately move to dismiss Zond's induced and willful infringement

claims.  Because the facts and law relevant to the present motions are largely

identical, the court will address both motions in this Order.

BACKGROUND

As alleged in the complaints, Zond has developed a "plasma discharge

technology that employs strongly ionized plasmas."   Zond's patented

technology is intended for use in the semiconductor chip industry, where an

essential step in the manufacturing process is "sputtering" (physical vapor

deposition), a technique for applying a thin-film deposit to the substrate of a

chip.  Zond's technology claims a higher sputtering yield resulting in an

increased deposition rate enabling the production of smaller, faster metal gate

transistors and, ultimately, an increasingly miniaturized chip.  Given the

volume of semiconductor chips manufactured by Hynix and Intel, Zond alleges

that the defendants must be utilizing its plasma discharge technology in their

manufacturing processes.

STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient

---

[1] In its Amended Complaints, Zond narrowed its infringement claims to
seven patents and dropped its allegations of contributory infringement.

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Two basic principles guide the court's analysis.   "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.   "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.   A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.   "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436,442 (1st Cir. 2010).

## DISCUSSION

### I. Induced Infringement

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer."   To demonstrate inducement, a plaintiff must show that "the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1308 (Fed. Cir. 2012), quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en

banc). Because there can be no indirect infringement unless someone is directly infringing the patent, "inducement gives rise to liability only if the inducement leads to actual infringement." *Id*. Zond alleges that defendants began encouraging customers and suppliers to infringe its patents almost from the inception of the technology and have continued to do so even after being served with Zond's complaints.

A. Pre-Filing Claims

Hynix and Intel maintain that Zond has failed to adequately allege that they had acquired knowledge of the asserted patents prior to the lawsuits being filed. The factual basis for pre-suit knowledge alleged by Zond in both Amended Complaints is that defendants "upon information and belief . . . attended and participated in numerous industry conferences, including without limitation the 2007 SEMICON WEST and other conferences in the United States, where Zond's patented technology was showcased, including through presentations and marketing materials identifying the Patents-in-Suit." Although a Form 18 notice pleading standard, *see* Fed. R. Civ. P. App. of Forms, will suffice for claims of direct infringement, indirect infringement claims must comply with the stricter pleading requirements of *Iqbal* and *Twombly*. *See Superior Indus., LLC v. Thor Global Enters. Ltd*., 700 F.3d 1287, 1295 (Fed. Cir. 2012).

4

Zond's pre-suit knowledge allegations fall well short of the *Iqbal-Twombly* standard. Although Zond claims that defendants must have learned of its patents through "presentations and marketing materials," it does not allege that any Hynix or Intel employee actually attended a Zond presentation or received a Zond handout. The only semblance of a factual allegation is the assertion that Intel and/or Hynix employees attended the 2007 SEMICON WEST trade show at which Zond gave a presentation about the technology claimed in the patents-in-suit (three of which did not yet exist). Zond does not identify, by "information or belief," any employee who observed the unspecified presentation, or who received the unspecified marketing materials, or who spoke with anyone from Zond. The scant content of Zond's allegations becomes all the more apparent when they are compared to the allegations in cases where trade show attendance was deemed sufficient to support an inference of pre-suit knowledge. In those cases, plaintiffs alleged direct contact between the defendant and the plaintiff's patented technology. *See Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, 2012 WL 2343163, at *2-3 (N.D. Cal. June 5, 2012) (defendant became aware of patents-in-suit after its representatives attended trade shows and "discussed with [Plaintiff], saw, read, and observed [Plaintiff's] patented . . . devices and promotional materials, packaging and instruction pertaining thereto, all of which . . . identified the

5

[patent-in-suit].”); *see also Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors*, 2012 WL 202664, at \*5 (S.D. Cal. Jan. 23, 2012) (allegations that defendant witnessed exhibition of patented technology at trade show and stated that he was going to "copy that" sufficient to plead knowledge). To accept Zond's robotic "information or belief" prosaism as plausibly adequate to demonstrate pre-suit knowledge would be to sweep up as an infringement defendant anyone who is hazarded on a guess to have attended an industry dog and pony show – like SEMICON WEST with its one thousand presenters. *See Menard v. CSX Transp., Inc.*, 698 F.3d 40, 44 (1st Cir. 2012) ("'Information and belief' does not mean pure speculation."). Therefore, Zond's inducement claims premised on pre-suit knowledge will be dismissed.

B. Post-Filing Claims

Zond also makes *prospective* claims of indirect infringement against Hynix and Intel for inducing infringement of the asserted patents after being served with the original complaints.

*i. Pre-Filing Knowledge*

Hynix argues that Zond is required to plead facts demonstrating knowledge of the asserted patents *prior to* the filing of a complaint. District courts are divided over the issue of whether pre-suit knowledge of a patent-in-

suit is required to support an initial claim for indirect infringement.  (The Federal Circuit has not as yet addressed the issue).  A majority of the lower courts that have opined on the subject have held that a plaintiff may state a cause of action for indirect infringement *limited to a defendant's post-litigation conduct* by pleading knowledge of the patents-in-suit as of the date of the filing of the complaint.[2]  *See, e.g.*, *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) ("The fact that Walker Digital would be prohibited from collecting damages related to indirect infringement for any pre-knowledge (e.g., pre-filing) conduct is the only substantive consequence of allowing [post-filing] allegations such as those at bar to go forward.").  The reasoning of the majority is that a defendant who "continue[s] to promote infringing uses of [a plaintiff's] products after learning about the patent" should not escape liability "simply because it happened to learn of the patent in connection with a lawsuit."  *See Intellect Wireless Inc. v. Sharp Corp.*, 2012 WL 787051, at *11 (N.D. Ill. Mar. 9, 2012) (internal quotations and citation omitted).

On the other hand, a minority of courts have concluded that knowledge obtained only after the filing of a complaint is not sufficient to support a claim

---

[2]  *See Rembrandt Soc. Media, LP v. Facebook, Inc.*, 2013 WL 2950342, at *4 (E.D. Va. June 12, 2013) (noting weight of authority and listing cases).

of indirect infringement. *See, e.g.*, *Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012).[3] These courts consider an allegation of post-suit knowledge an attempt to "bootstrap the knowledge Defendants *now* have based on Plaintiff's filing of the Complaint onto [D]efendant's acts *before* Plaintiff filed its complaint." *Id.* (emphasis in original). Finding a cognizable claim in the absence of pre-suit knowledge would in the minds of these courts subvert the Supreme Court's admonition that an induced infringement claim cannot be maintained without knowledge of the patents-in-suit. *See MyMedicalRecords, Inc. v. Jardogs, LLC*, 2014 WL 32157, at *2 ("The United States Supreme Court has implicitly held that the defendant must have had presuit knowledge of the patent in order for a plaintiff to establish induced infringement under § 271(b)." (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011)).

This court holds that pleading actual knowledge as of the date of the filing of the original complaint sufficiently states a claim for induced infringement, *but only in a later amended complaint*. In so doing, this court

---

[3] Another session in this district has stated in dicta (without explication) that "relying on the filing of a suit to show that a defendant had knowledge of the existing patent is not sufficient for pleading an inducement claim." *Select Retrieval, LLC v. Bulbs.com Inc.*, 2012 WL 6045942, at *5 (D. Mass. Dec. 4, 2012).

joins a majority of district courts that have concluded that "an accused infringer is on notice of the patent(s)-in-suit once an initial pleading identifies the patents-in-suit, and a patentee that successfully proves the remaining legal elements of indirect infringement is entitled to recover for any post-filing indirect infringement of those patents." *SoftView LLC v. Apple Inc.*, 2012 WL 3061027, at *7 (D. Del. Oct. 21, 2013). *Cf. Lexington Luminance LLC v. Osram Sylvania Inc.*, 2013 WL 5202424, at *5 (D. Mass. Sept. 11, 2013) (a claim for willful infringement may be based on defendant's knowledge of patents-in-suit acquired through service of the complaint). Under this ruling, a plaintiff may not make an allegation of post-filing knowledge in the *initial* complaint.[4] Thus, while Zond's original complaints failed to satisfy the knowledge requirement,

---

[4] While the requirement that a plaintiff file not one but two complaints to maintain a suit for post-filing conduct may appear formalistic, it is firmly grounded in Rule 11 of the Federal Rules of Civil Procedure, which requires that the factual contentions of a pleading have evidentiary support. As Judge Young has explained in almost identical circumstances, compliance with Rule 11 serves not only to maintain the integrity of court proceedings, but also the dictates of logic. *See Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 2014 WL 69035, at *6 (D. Mass. Jan. 9, 2014) ("It is difficult to perceive how a plaintiff, when relying upon post-filing knowledge to satisfy the requirements of a claim of induced infringement, can have any evidentiary support for its *claim at the time of filing*." (emphasis added)). *Cf. In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) ("[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Pro. 8, 11(b). So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.").

the amended pleadings alleging post-complaint knowledge on the part of defendants are sufficient to state a claim for induced infringement going forward from the date the lawsuits were filed. *See Zond*, 2014 WL 69035, at *7.

### ii. *Direct Infringement by Defendants' Customers*

Intel next argues that the induced infringement claims should be dismissed because Zond fails to allege facts supporting the necessary predicate of direct infringement by its customers. This contention rests on two independent grounds: (1) 35 U.S.C. § 271(g) does not apply to products manufactured domestically and (2) even if it does, Zond offers only conclusory allegations regarding the purportedly infringing conduct of the third parties.

The patents-in-suit claim manufacturing methods and apparatuses for the generation and use of strongly ionized plasmas. Zond does not assert that defendants' customers directly infringe these process patents under section 271(a). Rather, Zond alleges that the third parties violate section 271(g), which imposes liability on "[w]hoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States . . . ." 35 U.S.C. § 271(g). Intel contends that despite the disjunctive language of the statute, section 271(g) applies only to infringing products that are imported into the United

10

States.  It follows that because Zond has not sufficiently plead facts to support a reasonable inference that Intel's customers import accused chips manufactured abroad into the United States, Zond cannot make out a claim for inducement.

This court agrees with the majority of district courts that have decided the issue that section 271(g) does not apply to domestically-manufactured goods. *See, e.g.*, *Asahi Glass Co., Ltd. v. Guardian Indus. Corp.*, 813 F. Supp. 2d 602, 614 (D. Del. 2011).

> Based on legislative history, it appears that [section 271(g)] was designed to provide a remedy within the United States for United States process patent holders whose processes were being used in other countries to manufacture goods for importation into the United States. It does not appear to have been designed to provide a basis for holding a domestic, downstream seller of goods . . . liable for infringement merely because it has incorporated an allegedly infringing good produced by a domestic, upstream manufacturer . . . into its finished product.

*Boston Scientific Corp. v. Johnson & Johnson,* 534 F. Supp. 2d 1062, 1081 (N.D. Cal. 2007) (alterations in original), quoting *Hughes Aircraft Co. v. Nat'l Semiconductor Corp.*, 857 F. Supp. 691, 698-699 (N.D. Cal. 1994); *see also British Telecomm. v. SBC Commc'ns Inc*., 2004 WL 5264272, at *2-3 (D. Del. Feb. 24, 2004) (limning legislative history and concluding that section 271(g) was intended "to provide protection to owners of United States process patents against foreign manufacturers who would use the processes outside the United

States to make products that are then imported, used or sold in the United States.").

That section 271(g) applies only to infringing imported products does not, however, prove fatal to Zond's claims. Zond's inducement allegations state that defendants' customers "use, sell, offer for sale, *and import* [defendants'] Infringing Products in a manner that constitutes infringement." (emphasis added). Although an allegation that simply mirrors a legal standard would normally come up wanting, a direct infringement claim is sufficiently pled where it complies with the requirements of Form 18.[5]  *In re Bill of Lading Transmission & Processing Sys. Patent Litig*., 681 F.3d 1323, 1334 (Fed. Cir. 2012). "Infringement under section 271(g) is a form of direct patent infringement." *Zond*, 2014 WL 69035, at *3, citing *Guzik Tech. Enters., Inc. v. W. Digital Corp*., 2011 WL 6013006, at *2 (N.D. Cal. Dec. 2, 2011).[6]  Because

---

[5] Form 18 requires only: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Bill of Lading*, 681 F.3d at 1334 (alterations in original).

[6] More than one court has noted the tension between the elevated pleading standards of *Iqbal-Twombly* and the bare-bones pleading requirements of Form 18. *See Select Retrieval*, 2012 WL 6045942, at *3. However, as the Federal Circuit has explained, Fed. R. Civ. P. 84 states that "the forms in the Appendix suffice under these rules . . . ." *Bill of Lading*, 681

Zond's pleadings comply with these minimum requirements, it has sufficiently pled direct infringement by defendants' customers.[7]

### iii. Specific Intent

To state a claim for induced infringement Zond must plead facts from which it could be reasonably inferred that defendants knew of the alleged direct infringement by their customers and acted with the specific intent to encourage such infringement. *Akamai Techs.*, 692 F.3d at 1308; *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1318 (Fed. Cir. 2003).[8] Defendants do not contest that they learned of the patents-in-suit through the filing of the instant lawsuits, but argue that their "mere knowledge of the

---

F.3d at 1334.  Because the Supreme Court has declared that "any changes to the Federal Rules of Civil Procedure 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation,'" Form 18's naked pleading requirements for a claim of direct infringement survive *Iqbal-Twombly*. *Id.*, quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

[7] Form 18's requirement of a "statement that the plaintiff has given the defendant notice of its infringement" is satisfied in a post-complaint claim of induced infringement by the service of the original complaint. *Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, 2013 WL 4017096, at *2 (D. Del. Aug. 6, 2013).

[8] Although not immediately relevant, the Federal Circuit has not made it clear whether the specific intent required involves a knowing intent to induce the acts that together constitute an infringement or a knowing intent to cause the infringement itself. *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1378 (Fed. Cir. 2004).

asserted patents and continuing sale of computer chips to [their] customers does not support a plausible inference of 'specific intent to encourage another's infringement' in this case." Intel's Reply Br. at 12.

For claims of *post-filing* inducement, however, "a defendant's decision to continue its conduct despite knowledge [of the patents-in-suit] gleaned from the complaint is sufficient to establish the intent element required to state a claim for indirect infringement." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 235 (D. Del. 2012). Zond alleges that defendants actively entice their customers "through advertising, marketing and sales activity to use [their] infringing products as part of their own infringing products . . . ." This is enough. *See Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, 2013 WL 4017096, at *3-4 (D. Del. Aug. 6, 2013); *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 475-476 (D. Del. 2012); *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 927 (W.D. Wis. 2010).[9]

---

[9] In *Zond v. Fujitsu*, Judge Young considered whether Zond's intent allegations – identical to those at issue in the instant complaints – sufficiently stated a claim for induced infringement. Judge Young found that although Zond's claims were conclusory, "it seems illogical that the production, for sale, of goods, for which there is no potential non-infringing use, would not permit a reasonable inference, especially at the motion to dismiss stage, that the manufacturer/importer intended to encourage infringement." *Zond*, 2014 WL 69035, at *7.

For the reasons stated above, defendants' motions to dismiss Zond's *pre-filing* induced infringement claims will be allowed. Defendants' motions to dismiss Zond's *post-filing* induced infringement claims, however, will be denied.

## Willful Infringement

"To prevail on an allegation of willful infringement, the patentee must prove (1) that the accused infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent; and (2) that this objectively defined risk was either known or so obvious that the accused infringer should have known about it." *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378 (Fed. Cir. 2012) (internal quotations omitted). Because Zond's allegations of defendants' pre-filing knowledge are deficient, they cannot perforce provide a proper foundation for a willful infringement claim. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010) (willful infringement requires an awareness of the asserted patent).

Zond's willfulness claims premised on defendants' post-filing conduct also fail. An initial willful infringement claim "must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Seagate*, 497 F.3d at 1374. Moreover, "when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an

15

adequate remedy for combating post-filing willful infringement. . . . A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Id*.

Zond argues that it was excused from the preliminary injunction requirement because it is not a direct competitor of defendants and therefore could not have demonstrated irreparable harm.  This contention is directly refuted by Zond's allegation in the complaints that defendants' "acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until . . . enjoined by this Court."  In any event, the exception Zond invokes applies only to plaintiffs who (1) do not compete with the accused infringer *and* (2) no longer practice the patents-in-suit. *See Englishtown, Inc. v. Rosetta Stone Inc.*, 2013 WL 3892829, at *2-3 (D. Mass. July 25, 2013) ("Plaintiff alleges willful infringement based upon post-filing conduct but avers that it no longer practices the patents-in-suit and does not compete with defendant.  It is therefore likely that . . . plaintiff could not obtain injunctive relief from this Court because it could not demonstrate irreparable harm and requiring it to seek a preliminary injunction would be a waste of this Court's time and resources."); *Lexington Luminance*, 2013 WL 5202424, at *5 ("Here, as in *Englishtown*, plaintiff does not practice the patented invention and does

16

not compete with defendant and, therefore, requiring plaintiff to seek preliminary injunctive relief in order to state a willful infringement claim would be a frivolous exercise.").[10]  Because Zond claims to practice its asserted patents, it does not qualify under the exception to *Seagate*.

ORDER

For the foregoing reasons, defendants' motions to dismiss Zond's *pre-filing* induced infringement claims are <u>ALLOWED</u>.  Defendants' motions to dismiss Zond's post-filing induced infringement claims are <u>DENIED</u>. Defendants' motions to dismiss Zond's willful infringement claims in their entirety are <u>ALLOWED.</u>

---

[10] In *Select Retrieval*, the court repeated *Seagate*'s admonition that "[t]he willfulness of the infringement depends on an infringer's pre-litigation conduct, and a plaintiff should not be able to accrue enhanced damages based solely on infringer's post-filing conduct."  2012 WL 6045942, at *6.  In the same discussion, the court noted that many courts have held that *Seagate* is not controlling in the pleading stage of litigation, and a plaintiff need only meet the plausibility standards required by *Iqbal*, and its progeny."  *Id*.  This comment, however, was in reference to *Seagate*'s holding that "[a] plaintiff must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," *id*., citing *Seagate*, 497 F.3d at 1371, and did not address *Seagate*'s post-filing bar.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE